IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,632-01





EX PARTE FAYETTE KENT, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 23207-A(01) IN THE 42ND DISTRICT COURT


FROM TAYLOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of
hydrocodone and sentenced to seven years' imprisonment. 

 Applicant contends that trial counsel rendered ineffective assistance because he did not
adequately investigate, did not present mitigating evidence, and did not adequately explain things
to the mentally retarded Applicant. Applicant has alleged facts that, if true, might entitle her to
relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex.
Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
making findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity
to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
findings should include a brief summary of the evidence the State would have presented as to the
alleged offense if Applicant had not pled guilty, what evidence of Applicant's mental capacity was
made known to the court, and what other significant evidence of her mental capacity could have been
presented. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 15, 2008

Do not publish